**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANIL KUMAR MEHTA; et al., | No. 13-71387 |
| Petitioners, | Agency Nos.    A089-688-936 |
| v. | A089-688-937 |
| | A089-688-938 |
| LORETTA E. LYNCH, Attorney General, | A089-688-939 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2016[**]
San Francisco, California

Before: D.W. NELSON, NOONAN, and O'SCANNLAIN, Circuit Judges.

Anil Mehta (Mr. Mehta), his wife, and their two sons, (collectively,

Petitioners), all adult natives and citizens of India, seek review of a final order of

the Board of Immigration Appeals' (BIA) order dismissing Petitioners' appeal

from an Immigration Judge's (IJ) decision denying Mr. Mehta's application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, or protection under the Convention Against Torture (CAT).

We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

Because the BIA issued its own opinion, but also incorporated the IJ's reasoning, we review both the BIA's and the IJ's decisions together. *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2008) (as amended). The BIA's "findings of fact 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Ramos-Lopez v. Holder*, 563 F.3d 855, 858 (9th Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)) (abrogated on other grounds).

With respect to Mr. Mehta's asylum and withholding of removal claims, the BIA reasonably determined that Mr. Mehta failed to demonstrate that an imputed political opinion was a "central reason" for his persecution in India. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Substantial evidence in the record supports the BIA's determination that Mr. Mehta suffered abuse due to a personal financial dispute, not because of any political opinion (imputed or not). *See Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1052 (9th Cir. 2001). Nor did the Board commit reversible error by declining to discuss explicitly the extent of corruption in India. Although such evidence might be relevant to the factual question of whether Mehta's

2

political beliefs were "one central reason" he was persecuted, the evidence upon which Mehta relies does not compel a finding contrary to that reached by the Board. The Board did not err by declining to say more on the subject.

Petitioners waived any argument related to Mr. Mehta's CAT petition by failing to raise any challenge to the agency's denial of that claim in their opening brief. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc). Nevertheless, the record supports the BIA's determination that Mr. Mehta failed to establish that it was more likely than not that he would be tortured if removed to India. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**